Ge v. US Citizenship and Immigration and Mr. RealMuto. Thank you, Your Honor. Good morning, Your Honors. Excuse me. Is it RealMuto? Yes, that's correct. Okay. We'll hear from you first. Thank you, Your Honors. Good morning. May it please the Court. Trina RealMuto on behalf of Plaintiff Appellant Youngfei Ge. The issue in this case is whether Army Specialist B obtained prevailing party status under the AGIS statute when he obtained a order from the District Court that ended USCIS's two-and-a-half-year delay in adjudicating his naturalization application. Under 8 U.S.C. 1447B, a District Court is Well, did the order that he obtained really do that? I mean, it just told the revested jurisdiction with whatever the agency is, and it said, well, you can do this in 45 days, and if you don't, then it comes back to me to decide. That didn't really end anything, did it? Absolutely, it ended it because it adjudicated the 1447B claim, which was to force an application. Wouldn't you say the merits of the case was whether to grant the application for citizenship or not? That's the relief he was seeking in the complaint. He asked the Court to order the application to be granted or to remand, of course, with instructions to have it granted. Now, the Court could have directed the agency to grant the application, and that might help your case, but the Court basically said to decide it. And let me ask you a hypothetical. What if the agency then, within the time period specified by the Court, denied the application? Would you then claim fees? At that point, I mean, if the order, which it did in this case, imposed... No, no, my hypothetical... I would, I would, because it doesn't matter if it prevails. The Court says, I'm going to send it back to the agency to make the decision within 45 days, and the agency makes its decision to deny the application. Do you think you would be entitled to fees? Yes, because if I may... It's not a judgment on the merits. The judgment on the merits was to deny the application. What you did is you wanted to facilitate the processing of the application through 1447b. Congress said, if they don't act within a specified time, you can get the Courts to force the decision. And that's what you did. But I guess the question I'm having is whether the Court's on the merits or whether it was a procedural decision telling the agency to decide it on the merits. If I may, Your Honor. Yes, of course. 1447b only affords the District Court two forms of relief, either to adjudicate the application or to remand. Now, if a person can only become a prevailing party if they win adjudication, that would mean that Congress passed a statute that categorically denies prevailing party status to anyone who wins that other form of relief under the statute, which is remand. Now, USCIS had an obligation because the District Court's order, it didn't say it may adjudicate it. It said it must, and that's in the record in the District Court's order. So it imposed an obligation that the agency otherwise didn't have or faced But the agency didn't have to adjudicate it because the Court said, look, and if you don't do it, then they'll come back to me and I'll do it. So it really wasn't anything enforceable that I see in that order. There wasn't any penalty if the agency failed to adjudicate. It just came back to the District Court. So we would argue that he obtained actually both forms of relief that are available under the statute because in retaining jurisdiction, the Court's order complies with qualitative inquiry that's required under Buchanan, which is the change in the relationship because it imposed an obligation on GIS. Buchanan defined the material alteration of the circumstances to be two things, to get an enforceable judgment on the merits and to have a consent decree with judicial imprimatur. So there's argument that there could be some other things, but that's all the Supreme Court's ever talked about and that's how they define the circumstances in Buchanan. So my difficulty here is that I don't see anything first that's enforceable and I don't see that there's any judgment that approaches the merits. So, I mean, to me, I mean, how is this different from just a scheduling order in a case in general? Well, it's different from a scheduling order in the sense that a scheduling order doesn't resolve the merits claim on the merits. In this case, the District Court judge looked at the merits claim. The Court analyzed GIS case to three other cases involving delayed background checks and found that there was a delay here sufficient for the Court to order relief. Now, with respect to the judicial imprimatur, what's the relief he got? The relief he got was he got USCIS a deadline that it had to comply with, judicial consequences if that deadline wasn't complied with, and the Court stated the case and retained jurisdiction and said, if you don't comply with USCIS, I will adjudicate this application. And that is the enforceability that we believe satisfies Buchanan. So, but that's, I just have, I don't understand how that's enforceable. It just says, okay, agency, you got 45 days. If you don't do it, then I'll do it. I don't see how that gives him any kind of an enforceable remedy. He already had that. I mean, the Court could have adjudicated it right then. Well, the Court didn't have to because it had the option of one of the two different forms of relief. But I pose this to you, Your Honor. What if the Court had said, we're going to remand with instructions, USCIS, you have 45 days to adjudicate this. Well, you didn't pose the question to yourself because it doesn't work that way in this setting. Sorry, apologies. But my point is that a plaintiff could come back to the District Court to enforce the Court's order. But here, the District Court said, I'm going to stay the case so that you can come back to me if I'm notified of noncompliance, and then I will adjudicate the application. You keep using the word adjudicate the application. Isn't that what the merits are? In other words, the merits is a decision on the application. So that's the relief, Your Honor. Let me just finish. And the statute is a procedural benefit that you get to avoid bureaucratic delay. Congress said, basically, if there's insufficient time, if the agency didn't act within a sufficient time, you'll get assistance from the courts in getting it decided. But the decision on the merits is the decision on the application. It seems to me, and it's a little telling that you would, even if he lost on the merits, you would still ask for fees because of the delay. So you basically want delay fees as opposed to being successful on the merits. Because we believe that the claim is about ending the delay in adjudication and forcing USCIS to act, because that's what the 1447B statute is about. And 1447B doesn't say the District Court has to adjudicate the naturalization application. It says you have two forms of relief. And if you win either one of those forms of relief, we believe you're a mandamus to the agency and said, decide this post haste, no later than 30 days. I believe that is what happens in one of the cases. Just a minute. Would you get fees is my question. Yes, you would, because that was an obligation. Court issues a mandamus, and it doesn't resolve the case, just tells the agency to decide it. You say you get fees? Yes. And in fact, Your Honor, I believe... I don't know why you square that with Buckhannon, but... Well, that's what the, I believe the 10th Circuit or the 11th Circuit held in Al-Maliki, where they issued a mandamus and the court still found that that was prevailing party status. Because as the cases that have found prevailing parties status in the 1447B context have held, that date certain imposes that obligation. And the retention of jurisdiction poses the judicial imprimatur, that judicial oversight. And that's not me saying that. That's the 15 or so cases that we cite in our briefs that stand for that proposition. Now... Counsel, let me look at it in a slightly different way. Looking at the relief that Mr. G requested. So in his complaint, he wants the agency to schedule an oath ceremony by date certain. Or in order compelling approval of his application, prompt administration of the oath ceremony. And lastly, promptly administer the plaintiff's oath ceremony, depending on which particular count you were looking at. So he didn't get any of that. He got a remand without any specific direction except timing. And he opposed that. Because in his status report, he says he does not agree to the government's offer of an agency remand. And he says if the court does give him a remand, it should only do so with explicit instructions to schedule the oath ceremony within 21 days. So he didn't get anything that he asked for. Well, with respect, your honor, the complaint also asks for any relief that the court deems just and appropriate. And he does ask for remand in his complaint under 1447B. And he consistently, of course, he advocates for adjudication. That's his first position. But he still wants some relief from the court because his alternative position for remand is made both in his complaint, his opposition to the motion to dismiss, and to his status report. And he wins that relief. And the court goes beyond what he asks for. Right. But the remand that he got, he opposed. And your position seems to be that, well, you can get attorney's fees for relief that you didn't want. He did want remand. He asked for remand. And the court had authority to order remand with appropriate remand that the court ordered. And he only wanted remand if he could get an oath ceremony within 21 days. I mean, that's verbatim from his pleadings. It just seems odd to me that you can be entitled to attorney's fees for relief that you were opposed to. For relief that you won on a claim under the statute, which gives the district court the authority to impose instructions with respect to the remand. So by bringing the claim, he sought to end the delay. And the district court had those two options to remedy the delay. It selected the remand option, which he consistently asked for throughout his pleadings. Was it exactly the same? No. I understand your honor's position. But the fact of the matter is that, but I don't have a position. I'm just reading from the record and asking questions. But for the district court's order, USCIS would not have had that obligation. And that brings me just to the point that USCIS claims that it had a voluntary change of position, but we would submit that it did not because that position wasn't voluntary. The source of the delay, which was an enhanced background checks, was found by a district court to be arbitrary and capricious. And only after that finding, did the agency come back and say, Hey, we can commit to a date circuit. But at that point, that voluntary change is immaterial because jurisdiction vested with the district court under this court's decision in ATAP and the district court, USCIS couldn't force the district court to do anything at that point because the district court had jurisdiction. And in fact, the district court went beyond what USCIS was saying that it would do because it said, uh-uh, it's not enough that we're going to send this back. I want to know if this doesn't happen because if it doesn't happen, come back to me and I'll adjudicate the application. And I'm giving you judicial oversight by staying in this case, by keeping it open so that I can make sure that my order is enforced. So with respect to the voluntary change position, I expect that opposing counsel will argue, we would just clarify that it's not in fact a voluntary change. And if it is, it's just not material. Now, I'd also just in my remaining minute before I sit down, I am sitting down, I'd like to point the court's attention to the decisions from the 10th and the 11th circuit that have held that these types of orders are exactly the types of orders that can convey prevailing party status. And if this court goes in a different way, it is actually bucking up what those two circuits have held. And so I think the weight of authority is in our favor in this case. You do agree, don't you, that Buchanan governs our application of the statute? I do. And we think the fatal flaw in the district court's decision was he read this court's decision in Goldstein to be narrower than Buchanan. And we think that's inconsistent with the court's decision in Smyth and Grissom, which requires the district court to undertake a qualitative inquiry into the nature of the order. And that didn't happen here because the whole holding of the district court, according to the opponent, is in a footnote of the decision and there was no qualitative inquiry. I assume my time is up. All right. Thank you, Mrs. Yamada. Mr. Hambrick? Good afternoon, Your Honors. Can you hear me okay? Yes, you're fine. Thank you. Your Honors, Jonathan Hambrick on behalf of the defendants at Belize. It is our position that Buchanan established two conditions in which are necessary to be a prevailing party. One is obviously an enforceable judgment on the merits, and the second is a judicially enforceable consent decree. That was established by the Supreme Court in Buchanan. That was upheld by this court in Goldstein, Hart, and Smyth. It's also the opinion of the First, Second, Fifth, and Tenth Circuit's Court of Appeals in 1447B cases. Those are all cited in our briefs. So it is the majority opinion and the binding Supreme Court decision that the prevailing or conferred prevailing party status are an enforceable judgment on the merits or an enforceable consent decree. Now, we can eliminate consent decree from the outset because plaintiff never agreed. Sorry, counsel. Sorry. Where do you get only? Where did the Supreme Court say only? I thought they said these are examples. Am I misreading? The Supreme Court did not use the term only, although those were the only two examples. It used the term examples, right? I'm not sure about the word examples. I know they didn't use the term only, but they used those as examples. So it's equivalent. But this court, the Fourth Circuit, in both Goldstein and Hart, did use the term only in decisions that were three years apart. Now, plaintiff characterized that as a Scrivner's error, and it's that the Fourth Circuit would commit the same Scrivner's error on two occasions three years apart. But that's... Well, Hart's not published, so that doesn't bind us at all. Correct. And Goldstein actually definitely used the word only, but then went on to talk about whether there was an exception. And the whole point, the whole question in that case was, is something else potentially an exception here? And the court didn't rely on the idea that there's only two categories and this doesn't fit a category. The court was assessing it under, you know, a different sort of analysis. So I don't know that you need to win on this, you know, that we've handcuffed ourselves to only two particular categories. But I think that's constrained to these two things when the Supreme Court and CRST recently has emphasized that what matters is a change in the party's relationship in judicial imprimatur. Absolutely. And while I think it is correct that those are the only two things that do confer prevailing party status, that is not the only peg on which we're hanging our hat. There are several reasons why this is not a judicial decision on the merits. I mean, we can start with the fact that 1447B only, it's essentially a jurisdiction granting statute. So it says, district court, you can decide this decision, issue a decision on the naturalization application, or you can remand it to the agency. So when plaintiff says that they obtained one form of the relief they sought, they would have obtained a form of relief they sought simply by the district court saying, I have jurisdiction. And in fact, that's in their prayer for relief. Their first prayer for relief in their complaint is to have the district court assume jurisdiction, which it did under 1447B, obviously. But then you also need to look at the 1447B. It repeatedly says the district court has jurisdiction over the matter. It may determine the matter or remand the matter. So it's our position that the matter, the word, use of the word matter has meaning. That is a, and that is obviously a decision on the naturalization application itself. It's also, in Buckhannon, the court also said, we need to respect common language and understanding. And it's hard for me to understand how plaintiff can claim to be a prevailing party when he opposed our motion to remand. He, I mean, it was unpalatable. It was insufficient. It was several other adjectives he used. I have a question about that. I do think this is an important point. So he did in his complaint, he requested for the court to decide his petition for relief. But he also said that if the court didn't do that, he asked the court to remand to require the agency to adjudicate the application immediately and schedule an oath ceremony by a date certain. So he didn't get the oath ceremony and he didn't get the immediately, but he got an order remanding requiring the defendants to adjudicate the application within a certain period of time. Is that enough to have prevailed in some sense that he got some, he got some of the relief he sought, but not all of it? Is that, is that enough? It's not enough, Your Honor, for several reasons. First, imagine if the district court had denied my motion to remand, and the court said, I'm going to set it for trial. That would, that order, which is essentially what all that this order did, would not be a judgment on the merits. Buchanan referenced several cases where they talked about a rule, winning a rule 12. I'm not really, I think you do have multiple points here. And one question is, is this a judgment on the merits? And what is, what are the merits under this statute? But the question I'm asking is more about if he obtains part of the relief he sought, is that enough to make him a prevailing party, assuming that we're talking about the merits? Because there was some discussion about whether he sought this relief at all, or whether he didn't want this relief, or whether he got anything he asked for. The only thing he got was the opportunity to be heard, which was a set, which was a right he already had the day he filed his lawsuit. The day he filed his lawsuit, there had been a delay longer than 120 days. And therefore, by the express terms of 1447B, the court had jurisdiction, and either it could decide the merits, or it could remand it to the agency to decide the merits. But that, by itself, isn't anything that would warrant a finding of prevailing party status. Because that's simply the court saying, I have jurisdiction. That's one of those preliminary decisions. And there are a whole host of them in the cases we cited, that where the court said it's not enough. And it's also, to put a point on it, I'm not aware of any way you could consider that relief to be on the merits, simply a determination of who's going to make the decision in the first instance, when the outcome of that is a decision that's issued de novo. I think the district court used the term in the first instance. And that was the case. That's the case here. And this is a fine argument to make. I just want to clarify, you're focusing on whether this was on the merits. I don't hear you disputing that he asked for this relief. He asked for a remand, and he got it. But he just didn't get everything he asked for. He asked for it in his complaint. I would submit that number one, that's not sufficient. People ask for all sorts of things in their complaints. And number two, he may have asked for it in his complaint, but then he opposed the specific relief that was granted. So he changed his position and opposed the remand for a decision within 45 days. So I don't think he should benefit by asking for something and then opposing it and then claim when the defendant's motion is granted that he prevailed. And that's my that's my question. So he asked for a remand to decide it immediately. And then the courts that are you proposed a remand to decide it in 45 days. He opposed that because he wants it immediately. And my question is, if the court says I will remand it, but only for to give the agency 45 days, you think that wouldn't be prevailing? No, it wouldn't be prevailing for for a couple of reasons. Number one, I mean, essentially, what he's he's arguing their position is effectively a catalyst theory argument that by filing the suit, somebody had to decide it. And we got a decision. And therefore, we prevail. But obviously, Buchanan eliminated the catalyst theory. And the and I apologize if I'm not addressing the precise distinction that you're drawing. It is in some respects, it's it's very, it's very fine distinction, because they do merge together. You can move on. That's fine. I just wanted to clarify. There have been some questions about number one, whether it's on the merits, which is, I think, the bulk of your argument, but number two, whether he asked got anything he asked for, whether it's on the merits or not. And so I just wanted to clarify the second question. And, and that you've done a fine job. Thank you. So as to the merits, can I ask you a question? It looks like the statute is sort of a particularized mandamus statute, at least in part, it authorizes the district court either to take, well, it authorizes the district court to take jurisdiction of some matter that hasn't been decided, which is, of course, needs Congress to give that. But then it authorizes the court to send it back to the agency with instructions. And one instruction, of course, could be to decide it in a particular way in which I think the plaintiff here might have a very strong, a much stronger argument. But if the court just simply said, sent it back to decide it within a few number of days, is the issuance of a mandamus order within the scope of a decision on the merits, a judgment on the merits? Not if the order simply says you've decided, as the district court said in this case, and if you don't, I'm going to decide it. That by definition, you can't, that's not a judgment on a decision. And that you have to look at what, whether this is enforceable. Well, what would have been the consequence if it was clearly enforceable, the court can tell them what to do. And the question, I think, goes back to something that Judge Agee asked about, was this nothing more than a scheduling order, a procedural order, or was this substantive relief, so to speak, that changed the relationships of the parties under 1447B? That's the argument that the plaintiff is making. Sure. And this is, in my mind, this is equivalent to a scheduling order setting a trial date, where the judge then turns to the parties and says, look, you have 45 days to settle this case. And if you don't, we're going to go to trial. That's not, that in no way could be described as a judgment on the merits. But that's effectively what the district court said. He didn't say, decide it within 45 days and grant it, and that would obviously be a very different situation. He didn't say, decide it, issue a decision within 45 days, and I will, and if you don't, then I am going to grant it. And he didn't, he basically imposed only a timing deadline. And that is not on the merits. It simply can't be. I mean, there are all sorts of procedural orders that courts enter that are enforceable in the sense that the court can enforce compliance with the procedures. But you need to look at what the consequence of not complying is. You know, something like this, where the only thing that matters is that they issue a decision. The district court could have said, I'm denying your motion for remand and I'm going to set this for trial. And I don't think anybody on this here would argue that that was a judgment on the merits. Simply setting it for trial and retaining jurisdiction to decide. And that's effectively what happened. It was an opportunity for the parties to resolve the matter without the court intervention on the merits. And that's what happened. The defendant voluntarily changed its position in response to what happened as an external event in NEO, which happens all the time. I mean, that's Buckhannon, the West Virginia legislature changes the rules, so the parties change their position. That is a voluntary change in position and the catalyst theory that the Supreme Court rejected in Buckhannon. The, you know, I think the most analogous case that this court has decided while unpublished is Hart. I mean, in Hart, it was an ERISA case where the court remanded it to the fiduciary and said, issue a decision within 30 days and consider all of the evidence I decided after it had considered cross motions for summary judgment. And this court said that was not sufficient. So I don't, so my view is that a generic remand order that says issue a decision within no further instructions could ever be considered sufficient to confer prevailing party status. That it? Do you want to address? Oh, go ahead. No, fine. Go ahead. I am happy to address any question. Your opponent says that if we agree with you, we'll be, if not creating a circuit split, we'll be creating disharmony among the circuits potentially. What's your response to that? Well, I would say that there already is a circuit split. We have cited cases from the 1st, 2nd, 5th, and 10th circuits that essentially rule that our position is correct. Plaintiff has cited a 10th circuit case and an 11th circuit case. Their 10th circuit case is very easily distinguished because in that case, the district court actually ordered CIS to grant the application. And the subsequent 10th circuit case on which we rely said we're distinguishing that situation from this situation. So the 10th circuit falls the same way that our position is. The 11th circuit is different, although that case we believe is also distinguishable because there, at least the court did issue a writ of mandamus. It's our position that that would still not be sufficient and is an improper expansion of Buchanan and would be contrary to this court's jurisprudence as well as the 1st, 2nd, 5th, and 10th courts' jurisprudence. But it is at least, that split does exist. And there are district court cases from other jurisdictions that would hold plaintiff's position as sufficient. But it's our view that that's contrary to Buchanan and it's certainly contrary to this court's jurisprudence. If there are, unless there are other questions, I'm happy to yield the rest of my time. Thank you, Mr. Hembrick. Ms. Riomato, Muto, excuse me. Sorry, Your Honors. I'd just like to make a couple of quick points. With respect to Judge Rushing's question about some relief, how much relief is enough to confirm career and party status, we think that's answered under Buchanan and this court's decision in JD, which just says some relief. It doesn't have to be all relief and it doesn't even have to be the central relief at issue in the case. With respect to this discussion about a circuit split and circuit authority, quite frankly, I don't think you have a circuit split when you're relying on unpublished decisions. And the Second and Fifth Circuit decision, which pose in counsel references, are both unpublished. We think the First Circuit's decision and the Tenth Circuit's decision are absolutely distinguishable here. In the First Circuit case, there was just a short docketing order, remanding with no instructions, and the parties jointly agreed to remand and there was no obligation on the agency to do anything. In the Tenth Circuit case, we think that bucks up against our published Tenth Circuit decision, which is more akin to the facts here. Is the Eleventh Circuit decision you rely on, is that the unpublished opinion in Abdelghalil? Yes, Your Honor. That is the one that is about the writ of mandamus. But we have the Tenth Circuit's decision in al-Maliki, which is very similar to the case here. And if I may, we also have the weight of the district court decisions, analyzing orders exactly like this and ordering far less relief. Opposing counsel says that the Tenth Circuit has distinguished that case front in its later cases. Well, the Tenth Circuit's decision in Iqbal, it distinguishes the case, but in the Iqbal decision, it was one of those hypotheticals that the court posed where it was just a remand with no instructions to do anything and there was no obligation. The distinction, at least as counsel has pointed out, is the distinction I made in questioning you earlier. If the district court issued an order to the agency to grant relief on the merits, to me, that's distinct from remanding to the district court and saying decide it. In other words, the first one, the district court is taking a position, which is to decide it on the merits. In the second hypothetical, the order would be just telling the district court to the agency to decide the question. And as I understand the distinction in the Tenth Circuit cases is the first case was a decision to grant relief, which would be analogous to getting on the merits, where the second would be more like a mandamus, which just tells you make a decision. Is that your understanding of the two cases or not? Well, my understanding is when a district court orders relief under a mandamus, that issuing relief... No, stick with the two cases. Was I... Did I misunderstand the two Tenth Circuit cases? The first one directed that relief be granted, right? Right. All right, now that's distinct from sending it back and just saying decide the case. Because when the court tells the agency to grant relief, it's made a decision on the merits. But it hasn't... But it is invoking that second part of the 1447B statute, which is remanding to the agency to determine the matter. It is not granting actualization. Not if it directs it to what the decision ought to be. In other words, it's one thing to tell the agency to decide it. It's another to tell the agency to enter a judgment for plaintiff or defendant, so to speak. Well, I think the problem with that position, Your Honor, is if you are not going to allow... Well, I'm just trying to find the distinction in the Tenth Circuit cases. And as I understand it, the first case indicated that the order was to grant relief. And the second case was not that. Correct, but the district court in the 2009 Almalechi case, they granted the motion to remand so USCIS could administer the oath by a date certain. So they were posing an obligation on the agency to act within the time certain, which is the material change of relationship that we're talking about. Counsel, your opponent brought up a good question. Under what circumstances would you not be a prevailing party if 120 days has passed, you file your complaint. Under what circumstances would you not have prevailed under your theory? If the district court had found that the delay was in fact warranted. But here in the record at pages 116 to 119, district court engages in the delay analysis. And in fact, our whole claim, the mandamus, the APA, and the 1447B claim is all about forcing a decision on the merits of the delay. That's what a mandamus does as well. And if I may, his opposition was opposition to having a remand with no supervision related to that order. That's what he was opposing. He wasn't opposed to remand overall. He just didn't want remand with no end in sight. So he wanted to be able to come back to the district court, which is what the district court ordered. And then, very briefly, if I may conclude, I just encourage the court to appreciate that if this type of order cannot confer prevailing party status, it effectively means that categorically under 1447B, a plaintiff has to win adjudication in order to be a prevailing party. And we would submit that Congress could not have categorically denied a whole group of people who win on their delay claim from having prevailing party status. That would conflict with the intent. Well, the distinction would be, just to accommodate the statute, the distinction would be whether the merits are decided. Because every formulation of the rule that the Supreme Court has given has added the word on the merits. And obviously, procedurally, you can change a relationship. And they gave some pretty significant changes of relationship and connectional motions to dismiss, that type of thing. But they said on the merits was a requirement. And while they didn't use the word only, they did use the word only when they said we have only granted relief in circumstances where it's a judgment on the merits or consent decree. That was later when they were recapitulating. But regardless, I think the statute, the distinction that Buck Cannon reads on this statute seems to be something to the effect that if it's a procedural ruling that changes, it may not be compensable. Whereas if it's a substantive ruling on the merits, that is only application or the matter, so to speak. The story might be different. But we hear the arguments. We've let you have a little extra time. They were very good. Your probably ought to try to create some clarity in this area. It doesn't sound like, at first, it sounds like sort of mechanical, but it really isn't, as you pointed out in your argument. We normally come down and greet counsel at this point. And of course, we can't. But our thanks for your arguments and our greetings to the Fourth Circuit will have to suffice this time. Many thanks and have a good day.
judges: Paul V. Niemeyer, G. Steven Agee, Allison J. Rushing